IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA L. GRAHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 05-401J ) |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 8th day of January, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by

⬆AO 72
(Rev. 8/82)

those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application[1] for supplemental security income on June 25, 2003, alleging a disability onset date of August 1, 2002, subsequently amended at the hearing to August 4, 2003, due to numerous mental health impairments as well as chronic pain in her back, neck and left knee. Plaintiff's application was denied initially and upon reconsideration. At plaintiff's request, an ALJ held a hearing on April 4, 2005, at which plaintiff, represented by counsel, appeared and testified. On April 21, 2005, the ALJ issued a decision finding plaintiff not disabled. On August 22, 2005, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 21 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a ninth grade education, no past relevant work experience and has not engaged in substantial gainful activity at any time.

---

[1] Plaintiff had filed two prior applications for disability benefits, the latter of which was denied by an ALJ on October 4, 2000. Both parties agree that plaintiff's status of not disabled as of October 4, 2000, is final and binding through that date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of major depressive disorder; bipolar disorder; dysthymic disorder; personality disorder; chronic neck, back and left knee pain; mild asthma, and a history of panic disorder, borderline intellectual functioning and anxiety disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a range of light work but with certain restrictions recognizing the limiting effects of her impairments.[2] Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity. Relying on the

---

[2] The ALJ found that "[Plaintiff's] residual functional capacity for the full range of light work is reduced by a limitation to occasional postural maneuvering . . . as well as occasional pushing and pulling with the lower left extremity, to include the operation of pedals . . . . [Plaintiff] must avoid concentrated exposure to fumes, odors, dust, gases, and environments with poor ventilation. [Plaintiff] is limited to simple, routine, repetitive tasks not performed in a fast-paced production environment, involving only simple, work-related decisions, and in general, relatively few work place changes. She is also limited to occasional interaction with supervisors, co-workers, and the general public." (R. 20).

- 3 -

vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy, including routing clerk, coupon redemption clerk and flower picker. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part

AO 72
(Rev. 8/82)

404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920. See also Newell, 347 F.3d at 545-46.

Additionally, the Commissioner has promulgated regulations dealing specifically with the evaluation of mental impairments. 20 C.F.R. §416.920a. When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432.

Here, plaintiff raises three challenges to the ALJ's findings at step 5[3] of the sequential evaluation process. Specifically, plaintiff contends that: (1) the ALJ failed to accord controlling weight to an opinion from her treating psychiatrist; (2) the ALJ failed to consider plaintiff's sleep deprivation condition; and, (3) the ALJ substituted his own lay opinion for that of the medical experts. Upon review, the court is satisfied that all of the ALJ's findings are supported by substantial evidence.

---

[3] At step 5, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his or her impairments. 20 C.F.R. §416.945(a); Fargnoli, 247 F.3d at 40.

- 5 -

Plaintiff's primary argument is that the ALJ improperly evaluated the medical evidence in assessing plaintiff's residual functional capacity. Specifically, plaintiff contends that the ALJ failed to accord appropriate weight to an opinion from her treating psychiatrist, Dr. Cassone, as to limitations on plaintiff's work capacity. (R. 218-19). Upon review the court finds that the ALJ's evaluation of the medical evidence, including that from Dr. Cassone, is supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence. Based upon his review of the entire record, including all of plaintiff's medical records and plaintiff's own testimony and reported daily activities, the ALJ concluded that plaintiff's impairments, while severe, do not

preclude her from performing all substantial gainful activity. These findings are supported by substantial evidence as outlined by the ALJ in his decision. (R. 17-19).

The court also is satisfied that the ALJ did not err in not giving controlling weight to Dr. Cassone's assessment as to additional limitations on plaintiff's ability to perform work activity arising from plaintiff's impairments. Dr. Cassone opined that plaintiff has no ability to, *inter alia*, follow work rules, use judgment, function independently, maintain attention or concentration, carry out complex job instructions, behave in an emotionally stable manner or relate predictably in social situations. (R. 218-19).

First, the determination of disability is reserved solely to the Commissioner and the opinion of a physician, treating or otherwise, never is entitled to special significance on that ultimate determination. 20 C.F.R. §416.946; SSR 96-5p. Here, based upon his review of the <u>entire</u> record, including the medical records and plaintiff's testimony, the ALJ concluded that plaintiff's impairments do not preclude her from performing all work activity.

Moreover, as the ALJ adequately explained in his decision, the limitations advanced by Dr. Cassone are not supported by the objective findings of record, by plaintiff's treatment history or activities of daily living, or by the other medical evidence of record, including that from Dr. Pacella and Dr. Gensemer. (R. 17-19).

Plaintiff suggests that because the ALJ accepted Dr. Cassone's diagnoses of plaintiff's various mental impairments and found plaintiff to suffer from those severe impairments, he was therefore bound by Dr. Cassone's opinion as to limitations arising from those impairments. However, it is well-settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). Here, the ALJ accepted Dr. Cassone's diagnoses, but concluded, based on all the evidence of record, that the limitations on plaintiff's ability to perform work activity as set forth by Dr. Cassone's assessment were not consistent with the other evidence.

Plaintiff also contends that the ALJ selectively relied on plaintiff's testimony as to certain of her daily activities to support his finding of not disabled. However, while it is true, as plaintiff asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Rather, in determining plaintiff's residual functional capacity, the ALJ properly considered not only plaintiff's reports of her activities of daily living, but also considered plaintiff's allegations in light of the medical evidence and all of the other evidence of record as already discussed. The court is satisfied that the ALJ's evaluation of plaintiff's testimony is supported by substantial evidence.

Thus, because the additional limitations asserted by Dr. Cassone are not supported by the objective medical evidence and are inconsistent with other substantial evidence in the record, the ALJ did not err in not giving Dr. Cassone's opinion as to plaintiff's limitations controlling weight. 20 C.F.R. §416.927(d); SSR 96-2p.

Plaintiff's second argument is that the ALJ's residual functional capacity assessment failed to account for any limitations arising from plaintiff's sleep disturbance condition. However, no physician of record ever diagnosed plaintiff with a sleep disturbance condition. To the contrary, Dr. Cassone indicated his belief that plaintiff's problems with insomnia were the result of excessive use of caffeine. (R. 122). Nor did any medical source suggest that plaintiff's ability to work would be compromised by any limitations resulting from any sort of sleep disorder. Accordingly, the court finds no error in the ALJ's failure to incorporate limitations arising from plaintiff's sleep difficulties into his residual functional capacity assessment.

Finally, for the reasons already outlined above, plaintiff's argument that the ALJ improperly substituted his own lay opinion for that of the medical experts is unpersuasive. The ALJ's decision establishes that the ALJ complied with the dictates of SSR 96-8p in regard to assessing plaintiff's residual functional capacity. The ALJ analyzed the evidence of record and incorporated those exertional and non-exertional limitations supported by that evidence of record on each level of functioning

affected by plaintiff's impairments. (R. 17-19). Upon review of the record, the court is satisfied that the ALJ's residual functional capacity assessment complied with the requirements of SSR 96-8p and that said assessment is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: John D. Gibson, Esq.
    131 Market Street
    Suite 200
    Johnstown, PA 15901

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901